**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MARCUS HUNT,

Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

Respondents.

Case No. 2:14-cv-01054-RFB-NJK

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. By order filed December 23, 2014, the Court directed petitioner to either: (1) pay the $5 filing fee, or (2) file a fully completed application to proceed *in forma pauperis,* on the correct form, including a financial certificate signed by an authorized prison or jail officer. (ECF No. 5). Petitioner was granted an extension of time to comply with the Court's order. (ECF No. 7).

On January 28, 2015, petitioner filed a revised application to proceed *in forma pauperis*. (ECF No. 8). Based on the information regarding petitioner's financial status and consistent with 28 U.S.C. § 1915, the Court finds that the motion to proceed *in forma pauperis* should be granted. Additionally, the Court has reviewed the habeas petition, and it shall be served on respondents. Respondents shall file a response to the petition, as set forth at the conclusion of this order.

Petitioner has filed a motion seeking the appointment of counsel. (ECF No. 2). Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in habeas corpus cases. Petitioner has no constitutional right

to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. It does not appear that counsel is justified in this instance.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ELECTRONICALLY SERVE** the petition (ECF No. 1) on the respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address all claims presented in the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno** Division of the Clerk of Court.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a

certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

Dated this 31st day of March, 2015.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE